# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **CONSTANCE LOOSEMORE, TRUSTEE, ETC.,** | ) )  ) Case No. 2:05CV00008 |
| Plaintiff, | ) ) |
| | ) **OPINION AND ORDER** |
| v. | ) ) |
| | ) By: James P. Jones |
| **JUDY R. STREET, ET AL.,** | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

There are two motions pending before the court in this diversity action that involves a ground lease of a shopping plaza located in Weber City, Virginia. The plaintiff Constance Loosemore, Trustee, the landlord, contends in this case that she properly evicted the tenant, defendant Judy R. Street, from the premises in October of 2004. The defendant and counterclaimant Street asserts to the contrary and seeks reinstatement of her possession of the property.

The first motion, by the plaintiff Loosemore, seeks to require that the rental payments under the lease be paid into court pending final disposition of the case. Street has periodically tendered these payments to Loosemore, but Loosemore has refused them. Street has no objection to the motion and it will be granted.

The second motion, by Street, seeks an order allowing her to use rental payments that are being paid by subleasees into state court for routine maintenance

of the property, and in particular, to use the funds "to cut weeds, remove overgrown vegetation, spray the parking lot and buildings, and maintain weekly mowing." (Street's Mem. in Supp. of Mot. to Withdraw Funds ¶ 2.) Loosemore objects that failure to perform such maintenance was a proper ground of the 2004 eviction and to "cure" that failure now would hinder the landlord's ability to prove her case to the jury.

This dispute appears to be a tempest in a teapot and I am surprised that the experience attorneys in this case cannot resolve it without the court's assistance. It seems to me that both sides should want the grass cut and weeds removed for the benefit of ongoing business of the shopping plaza and of the community. It is also difficult to imagine that any prior failure by the tenant to cut the grass is a central issue in the landlord's case. While I suppose that there is a small danger that sprucing up the property now in that manner would prejudice the landlord if there were a view by a jury, this court rarely grants a request for a jury view. The parties should be prepared to rely on photographic or other courtroom evidence to support their respective positions.[1]

---

[1] Loosemore also objects to the motion on the ground that this court has no power to order the state court clerk to disburse funds under that court's control. Regardless of the merits of that argument, this court certainly has the power to order the parties to jointly request the state court to disburse the funds.

-2-

I will permit the attorneys to further consider an agreement on the subject matter of this motion, based on my comments herein. If they cannot resolve it, I will refer the motion for resolution to the magistrate judge, who has the case scheduled for mediation.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Require Deposit of Funds into Court by the plaintiff is GRANTED and the defendant Judy R. Street is directed to pay into the registry of this court a sum equal to all of the prior rental payments that have been tendered by her but not accepted by the plaintiff. In addition, the said defendant will pay all future periodic rental payments required under the terms of the lease that is the subject of this action as they become due. All such amounts will be deposited by the clerk of this court in an interest bearing account, pending the final judgment in this case; and

2. Decision on the Motion by defendant Judy R. Street to permit the withdrawal of funds being held in escrow is reserved and if said motion cannot be resolved by the parties, the motion is hereby referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

    ENTER: July 22, 2005

    /s/ JAMES P. JONES
    Chief United States District Judge

-3-

Case 2:05-cv-00008-JPJ-PMS   Document 64   Filed 07/22/05   Page 3 of 3   Pageid#: 264