# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| CONSTANCE LOOSEMORE, TRUSTEE OF THE CLONCE REVOCABLE LIVING TRUST, Plaintiff | ) ) ) ) ) | |
| v. | ) ) | Civil Action No: 2:05cv00008 |
| JUDY R. STREET, et al., Defendants | ) ) ) ) ) | **MEMORANDUM OPINION** By: PAMELA MEADE SARGENT United States Magistrate Judge |

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), this matter is before the undersigned on the plaintiff's Motion To Return Exhibits, (Docket Item No. 117), and plaintiff's Motion In Opposition To Bill Of Costs, (Docket Item No. 125). Based on the arguments and representations of counsel, and for the reasons set forth below, the Motion To Return Exhibits will be denied, and the Motion In Opposition To Bill Of Costs will be granted in part and denied in part.

*I.*

By motion filed October 31, 2005, plaintiff's counsel moved the court to enter an order requiring the return of certain exhibits provided to the court and counsel at the court's October 14, 2005, hearing regarding enforcement of an attorney's lien filed by the plaintiff's former counsel, the law firm of Hunter, Smith & Davis. Without

-1-

providing any legal authority for his argument, plaintiff's counsel states that these exhibits should be returned to the party who offered them based on a claim that these exhibits "contain attorney client privileged communications, the privilege as to which is waived only for the purposes of the attorney lien proceeding...." Counsel for Hunter, Smith & Davis initially responded that his client had no objection to the court granting this motion. Subsequently, counsel has now responded that Hunter, Smith & Davis objects to the motion based on its argument that any privilege which might have existed with regard to these exhibits has been waived. Likewise, counsel for the defendant, Judy R. Street, also has objected to the motion.

"The burden is on the proponent of the attorney client privilege to demonstrate its applicability. ... The proponent must establish not only that any attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (internal citations omitted). Assuming that the plaintiff has met her burden to establish that these exhibits contain privileged communications, I find that the plaintiff has waived that privilege with regard to these communications.

> Any disclosure [of a privileged communication] inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege. Any voluntary disclosure ... by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter.

*Jones*, 696 F.2d at 1072; s*ee also Hawkins v. Stables*, 148 F.3d 379, 384 n. 4 (4th Cir. 1998) (disclosure not only waives the privilege as to the specific information revealed,

but also waives privilege as to the subject matter of the disclosure).

In response to Hunter, Smith & Davis's motion to enforce an attorney's lien, (Docket Item No. 97), the plaintiff filed an Objection To Motion To Enforce Lien, (Docket Item No. 106), and a brief in opposition to the motion, (Docket Item No. 115), with the court. In this brief, Loosemore specifically outlines and attacks the validity of the legal advice given to her by the attorneys of Hunter, Smith & Davis. Furthermore, Loosemore testified at the court's October 14, 2005, hearing regarding her communications with and the advice given to her by the attorneys of Hunter, Smith & Davis. *See Loosemore v. Street*, No. 2:05cv00008, slip op. at 4-7 (W.D. Va. November 2, 2005). Finally, counsel for the defendant Street asserts, and Loosemore does not contest, that Loosemore raised no objection to, nor asserted any privilege to prevent, the introduction of these exhibits into evidence at the court's October 14, 2005, hearing.

Based on this, I find that the plaintiff has waived any attorney-client privilege which may have existed with regard to the documents contained in these exhibits. That being the case, the court will deny the plaintiff's motion to return these exhibits.

*II.*

On November 9, 2005, counsel for Hunter, Smith & Davis filed a Bill of Costs in the amount of $748.91 with the court, (Docket Item No. 124) ("Bill of Costs"). The Bill of Costs seeks payment of $663.96 for photocopies, $12.00 for service of a subpoena duces tecum upon plaintiff's counsel, $17.45 for a copy of the transcript of the deposition of Loosemore and $55.50 for certified copies of documents from this

-3-

court. The Bill of Costs states on its face that counsel declares "under penalty of perjury that the foregoing costs ... were necessarily incurred in this action...." The Clerk entered the Bill of Costs and taxed costs in the amount of $748.91 against the plaintiff.

By motion filed November 9, 2005, plaintiff's counsel objected to the Bill of Costs. (Docket Item No. 125.) In particular, the plaintiff argues that costs for photocopies, costs for a copy of a deposition transcript in another case and certified copies of documents to be used in another case are not proper costs and that the court should not award costs for a service fee for a subpoena which the court quashed. Again, plaintiff's counsel has cited no authority to support his arguments.

Among the expenses which a district court judge or clerk may tax as costs pursuant to 28 U.S.C. § 1920 are fees of the clerk and marshal, fees for witnesses and fees for "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C.A. §1920 (West 1994). Therefore, each of the expenses sought in the Bill of Costs may be awarded under 28 U.S.C. § 1920, if the court, in its discretion, believes it is appropriate to do so. *See Ross v. St. Augustine's College*, 103 F.3d 338, 344 (4th Cir. 1996) (district court enjoys broad discretion in taxing costs).

In the Reponse To Affidavit Of Costs, (Docket Item No. 131), Loosemore's counsel argues that the court should not allow to be taxed as costs the $663.96 sought by Hunter, Smith & Davis for photocopies based on its failure to verify that this amount includes only those photocopies necessary for the enforcement of its lien. I find that this in not the case. In particular, the Bill of Costs on its face states that each of the costs listed "were necessarily incurred in this action." Regarding the $17.45 sought for

-4-

photocopies of the transcript of Loosemore's deposition, Loosemore's counsel argues that the "purchase of a deposition transcript is not a proper Court cost." Again, this is not the case. Title 28 U.S.C. § 1920(2) clearly states that fees paid to a court reporter for a transcript used in a case may be taxed as costs. *See* 28 U.S.C.A. § 1920(2) (West 1994). In this case, however, it appears that this expense was incurred for merely a photocopy of the transcript, which, as stated above, is taxable as costs. *See* 28 U.S.C.A. § 1920(4) (West 1994). Loosemore's counsel also argues that the $55.50 incurred to obtain certified copies of the court's judgment was not necessary to enforce the lien for attorney's fees based on his representation that his client was not going to contest the judgment. Nevertheless, it appears proper to the undersigned that a certified copy of this court's judgment on the attorney's fees dispute was obtained to be filed with the Scott County Circuit Court before seeking disbursement of the funds held in that court.

Based on the above, I will deny the Motion In Opposition To Bill of Costs insofar as the motion seeks to prevent the taxation of costs in the amount of $736.91. I will grant the Motion In Opposition To Bill of Costs insofar as it seeks to prevent the taxation of the $12.00 incurred for service of a subpoena, which this court quashed.

*III.*

The plaintiff's Motion To Return Exhibits, (Docket Item No. 117), will be **DENIED** based on the undersigned's finding that any attorney-client privilege which might have existed with regard to the exhibits provided to the court and counsel regarding the October 14, 2005, hearing to enforce an attorney's lien has been waived. The plaintiff's Motion In Opposition To Bill Of Costs, (Docket Item No. 125), is

**GRANTED in part and DENIED in part** based on the undersigned's finding that the costs sought are appropriate and reasonable, with the exception of the $12.00 incurred for service of a subpoena, which this court quashed.

An appropriate order will be entered.

**DATED**: This 7th day of December, 2005.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE